USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EMILE J. CHARLES,  :  07 Civ. 10572 (SHS)

            Plaintiff,  :  OPINION & ORDER

      -against-  :

JOHN E. POTTER, CHARLES FERRARI,  :
SLOAN WILLIAMS, KIMBERLY MARTIN, and  :
AISHA BROWN,  :

            Defendants.  :

-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Following a three-month probationary period, pro se plaintiff Emile J. Charles was terminated from his job as a Part Time Flexible City Carrier for the Tremont Station branch of the United States Postal Service ("USPS"). He then brought this suit against four of his former supervisors at Tremont Station, as well as John E. Potter, the Postmaster General of the United States. His complaint alleges a "violation of the federal tort claims act on the basis of defamation, slander and libel causing damage to reputation." (Compl. 2.)

Defendants have moved (1) to substitute the United States as a defendant pursuant to 28 U.S.C. § 2679(b)(1) and § 2679(d)(1), and (2) to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion is granted and plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

I. **The United States Is Substituted as a Defendant**

The United States must be substituted as the sole defendant in this action. If, as here, a plaintiff brings a civil action against an employee of the United States, the Federal Tort Claims

1

Act ("FTCA"), 28 U.S.C. § 2679(d)(1), allows the Attorney General to certify that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." "Upon certification, . . . any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the [FTCA], and the United States shall be substituted as the party defendant." Id.

In this action, the United States Attorney for the Southern District of New York, to whom the Attorney General has delegated the authority to make Section 2679(d)(1) certifications, see 28 C.F.R. § 15.4, has certified that all four of the defendants who were plaintiff's supervisors at Tremont Station were "acting within the scope of their employment with the United States Postal Service at all times relevant to the incidents alleged in plaintiff's complaint" (Certification of Michael J. Garcia, Ex. A to Decl. of Emily E. Daughtry dated Aug. 1, 2008). Though such a certification does not by itself "conclusively establish as correct the substitution of the United States as defendant in place of the employee," Gutierrez De Martinez v. Lamagno, 515 U.S. 417, 434, 115 S. Ct. 2227, 132 L. Ed. 2d 375 (1995), plaintiff has proffered no reason to question the certification. Moreover, the complaint sets forth an extensive list of the wrongs Charles complains of; each of them concerns his job duties and performance. The United States, therefore, is substituted as a party in place of defendants Charles Ferrari, Sloan Williams, Kimberly Martin, and Aisha Brown.

The United States must also be substituted in place of defendant John E. Potter, the Postmaster General of the United States. Postmaster General Potter is named only in the caption of the complaint and no reference is made to him in the body of the complaint. As noted above, however, the complaint sets forth wrongs that plaintiff allegedly suffered in the course of

performing his job duties. Because plaintiff's claims appear to be directed against Postmaster General Potter in his official capacity as the head of the agency in which plaintiff was formerly employed, the Court will certify pursuant to 28 U.S.C. § 2679(d)(3) that Postmaster General Potter "was acting within the scope of his office or employment" during the events alleged in the complaint.

Finally, the fact that plaintiff specifically invoked the FTCA as his cause of action in this case confirms that the United States must be substituted for all defendants, including Postmaster General Potter. The United States is the only proper defendant in an FTCA suit, and with exceptions not relevant here, an FTCA suit is the exclusive remedy for torts committed by federal employees. See 28 U.S.C. § 2679(b)(1). As one court in this district has recently held, "[c]laims asserted against United States agencies, or officers of the United States acting in their official capacities"—including "defamation claim[s] against the head of [a] department"—"are considered to be claims against the United States." De Almeida v. Powell, No. 01 Civ 11630, 2002 U.S. Dist. LEXIS 24200, at *12-13 (S.D.N.Y. Dec. 16, 2002). Therefore, plaintiff may seek to recover for a tort committed by federal employees only through an FTCA suit brought against the United States. The United States is therefore substituted for all five individual defendants.

## II. This Court Lacks Subject Matter Jurisdiction

Charles's suit, properly understood as an FTCA claim against the United States, must be dismissed for lack of subject matter jurisdiction. "It is elementary that '[the] United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980) (quoting United States v.

3

Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). The FTCA provides a waiver of sovereign immunity for some tort actions, but the FTCA's waiver does not extend to claims "arising out of . . . libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h); see also B & A Marine v. Am. Foreign Shipping, 23 F.3d 709, 715 (2d Cir. 1994). Plaintiff in this case has sued pursuant to the FTCA and seeks to recover "on the basis of defamation, slander and libel causing damage to reputation." (Compl. 2.) Plaintiff's suit, therefore, is barred by the United States' sovereign immunity, and this Court lacks subject matter jurisdiction over it.

In addition, this Court lacks subject matter jurisdiction because plaintiff has failed to exhaust administrative remedies before bringing this suit. The FTCA provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a). Plaintiff's complaint does not allege that he first presented his claim to the USPS before bringing this suit. In fact, the USPS has never received a claim from plaintiff. (See Decl. of Stuart James dated Aug. 1, 2008.) Accordingly, this Court lacks subject matter jurisdiction over this suit. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) (citing United States v. Kubrick, 444 U.S. 111, 117-18, 62 L. Ed. 2d 259, 100 S. Ct. 352 (1979)).

### III. Conclusion

Because the named defendants were all acting within the scope of their office or employment at the time of the alleged wrongdoing, the United States is substituted as the sole defendant in place of all five individual defendants pursuant to the FTCA. Because Charles's claims are barred by sovereign immunity, and because Charles has failed to exhaust his administrative remedies before bringing this suit, this court lacks subject matter jurisdiction over

plaintiff's claims. The complaint is therefore dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: New York, New York
      October 6, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.